Charles E. Gianelloni, Esq.
Nevada Bar No. 12747
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: cgianelloni@swlaw.com
*Attorneys for Plaintiff Budget Blinds, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BUDGET BLINDS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BUDGET BLINDS & FLOORS, INC.; LUIS ALONZO BOLANOS-PORTILLO; and JAMES JOSEPH FOSTER,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Budget Blinds, LLC ("Budget Blinds") hereby alleges as follows:

**NATURE OF THE ACTION**

1.  This is an action for trademark infringement, trademark counterfeiting, false designation of origin, unfair competition, and cybersquatting under federal and Nevada law.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121. Further, the state law claims arise out of the same facts, circumstances, and transactions as the federal law claims, and thus, the Court should exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3.  This Court has personal jurisdiction over the defendants in this action because all defendants reside in Nevada and their principal place of business is in Nevada.

4.  Venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) and (2) because, upon information and belief, all defendants reside in this judicial district and transacted business

1  and committed acts of infringement in this judicial district so that a substantial part of the events giving rise to the claims occurred within this judicial district.

## PARTIES

5. Budget Blinds is, and at all times material herein was, a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business in Orange County, California. Budget Blinds is the franchisor of the Budget Blinds system of franchised businesses.

6. Budget Blinds is informed and believes and thereupon alleges that Defendant Budget Blinds & Floors, Inc. ("BBFS") is, and at all times material herein was, a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

7. Budget Blinds is informed and believes and thereupon alleges that Defendant Luis Alonzo Bolanos-Portillo ("Bolanos-Portillo") is, and at all times material herein was, an individual residing in the City of Las Vegas in the State of Nevada and the president of BBFS. Bolanos-Portillo is, and at all times material herein was, a moving force behind the advertising, promotion, distribution, and offering for sale of BBFS's infringing services and use of the infringing Budget Blinds and Floors and Budget Blinds & Floors names and marks.

8. Budget Blinds is informed and believes and thereupon alleges that James Joseph Foster ("Foster") is, and at all times material herein was, an individual residing in the City of Las Vegas in the State of Nevada and the secretary, treasurer, and director of BBFS. Foster is, and at all times material herein was, a moving force behind the advertising, promotion, distribution and offering for sale of BBFS's infringing services and use of the infringing Budget Blinds and Floors and Budget Blinds & Floors names and marks.

9. BBFS, Bolanos-Portillo, and Foster are collectively referred to herein as Defendants.

///

///

# FACTUAL BACKGROUND

## Budget Blinds' System and Marks

10. Budget Blinds is a well-known, leading franchisor for custom window coverings in the United States that has been in operation since 1992. Budget Blinds has over 1,300 franchised businesses in its system, which are operated by franchisees under the "Budget Blinds" trade name and service mark.

11. Budget Blinds is the #1 custom window coverings company in North America, consistently ranking on *Entrepreneur*'s Franchise 500® list in multiple categories and named to *Entrepreneur*'s prestigious Hall of Fame list, honoring the elite franchise brands that have ranked in *Entrepreneur*'s Franchise 500 ranking for 25 or more years consecutively.

12. Budget Blinds currently has ten franchises in the State of Nevada. Budget Blinds' first franchise in Nevada was established in 1995 and is still in operation today.

13. Since 1992, Budget Blinds has continually used the federal registered and incontestable trademark "Budget Blinds" in interstate commerce as its trade name, trademark, and service mark in connection with the operation of licensed Budget Blinds franchises and for the sale, installation, and servicing of window coverings, including but not limited to, mini blinds, wood blinds, vertical blinds, draperies, pleated shades, duettes, and silhouettes. Budget Blinds' marks have been and are associated with goods and services of the highest quality.

14. Budget Blinds is the owner of various "Budget Blinds" trade names and service marks, many of which are registered in the United States Patent and Trademark Office (USPTO) (collectively, the "Budget Blinds Marks"). These marks include, without limitation, the following federally registered trademark and service mark:

| Mark | Registration Number | Registration Date |
|---|---|---|
| BUDGET BLINDS | 1,813,191 | December 21, 1993 |

15. The Budget Blinds name and Budget Blinds Marks are distinctive because they do not describe or suggest an attribute of the products or services with which they are used. In

1  registering the Budget Blind Marks, the USPTO determined that the Budget Blinds Marks were
2  distinctive.

3        16.    Budget Blinds' retailing, installation, and service businesses have been advertised
4  and operated by Budget Blinds' franchisees under the Budget Blinds name and Budget Blinds
5  Marks.  The Budget Blinds name and Budget Blinds Marks have become a valuable asset of
6  substantial and inestimable worth to Budget Blinds as a symbol of the quality goods and services
7  dispensed by, and goodwill associated with, its national chain of franchised businesses.

8        17.    All Budget Blinds franchisees benefit from Budget Blinds' established nationally
9  recognized brand.  They further benefit from the tools, support, and services provided to help them
10 successfully build and operate their window coverings businesses.

11       18.    Budget Blinds has a vital economic interest in protecting its name and the Budget
12 Blinds Marks.  The preservation and protection of its name and the Budget Blinds Marks are
13 essential to the maintenance of the goodwill and reputation associated with the Budget Blinds name
14 and Budget Blinds Marks and ensures the quality of Budget Blinds franchisees.

**Defendants' Wrongful and Willful Conduct Infringing on the Budget Blinds Marks**

16       19.    Long after Budget Blinds established rights in its Budget Blinds Marks, Defendants
17 commenced use of "Budget Blinds," "Budget Blinds and Floors," "Budget Blinds & Floors," and
18 other similar marks in connection with the sale and installation of window blinds and coverings.

19       20.    Defendants operate the BBFS business under the names Budget Blinds and Floors,
20 as well as Budget Blinds & Floors, Inc., and operate the website located at the domain name
21 <budgetbfs.com>. They also operate a Yelp social media page at
22 https://www.yelp.com/biz/budget-blinds-and-floors-las-vegas, a Facebook social media page at
23 https://www.facebook.com/profile.php?id=100068841137166, an Instagram social media page at
24 https://www.instagram.com/budgetbfs/, a Pinterest social media page at
25 https://www.pinterest.com/budgetbfs/, and a Twitter social media page at
26 https://twitter.com/BlindsFloors. Examples of these uses are attached hereto as Exhibits 1 to 5.

27       21.    There is similarity in sight, sound, meaning, and commercial impression between
28 the Budget Blinds Marks and Defendants' "Budget Blinds," in various iterations.

22. The types of goods and services offered by Defendants and Budget Blinds' franchisees are identical or related.

23. Defendants' use of the phrase "Budget Blinds" in connection with their sale and offering for sale of window coverings is likely to cause consumer confusion as to Defendants' affiliation, connection, or association with Budget Blinds, or as to the origin, sponsorship, or approval of their commercial activities.

24. Indeed, one reviewer posted to Yelp: "This is not BUDGET BLINDS. Do not be fooled by the name." Exhibit 1.

25. Defendants have been aware of the Budget Blinds Marks and Budget Blinds' rights in the marks, including those embodied in Budget Blinds' federal trademark registrations and under the common law.

26. In November 2021, Budget Blinds sent a letter to BBFS and Bolanos-Portillo to demand that they cease their infringement of the Budget Blinds Marks and stop using the infringing domain name <budgetblindsandfloors.com>, as well as the domain <budgetbfs.com>. In December 2021, BBFS and Bolanos-Portillo, through counsel, responded to this letter, stating, among other things, that they were willing to change BBFS's corporate name and that they would cease and desist referring to "budget blinds" in any business name, trademarks, transaction documents, domain names, marketing, signage, and other ways that would potentially infringe the Budget Blinds Marks. BBFS transferred the domain name <budgetblindsandfloors.com> to Budget Blinds in about April 2022. At this time, Budget Blinds believed Defendants' infringement of the Budget Blinds Marks was resolved.

27. In about August 2022, however, Budget Blinds discovered BBFS had not changed its corporate name with "Budget Blinds" in it and Defendants were using that name and a logo with "Budget Blinds" on a website located at the domain <budgetbfs.com>.

28. In about September 2022, Budget Blinds sent Defendants' counsel a further letter demanding that BBFS cease and desist its ongoing infringement of the Budget Blinds Marks. Budget Blinds' counsel continued to have further communication with Defendants' counsel that

1  caused Budget Blinds to believe Defendants would address and cease the ongoing infringement of the Budget Blinds Marks.

29. Between about January and July 2023, Budget Blinds sent Defendants' counsel further communications demanding that BBFS cease and desist the ongoing infringement of the Budget Blinds Marks, both on the internet and at the location of and in operation of the BBFS store, and Defendants' counsel represented that the BBFS business was closed or was going to close due to the retirement of defendant Foster, giving Budget Blinds reason to believe Defendants would address and cease the ongoing infringement of the Budget Blinds Marks.

30. Defendants' counsel recently ceased responding to Budget Blinds' counsel and the infringement by Defendants continues despite Budget Blinds' strong efforts to resolve this matter outside of court. The Budget Blinds Mark is still shown at least on https://budgetbfs.com/ and other internet locations related to Defendants, and the corporate name of BBFS remains the same, containing the Budget Blinds Mark.

31. Defendants have willfully and maliciously, with an evil mind and intent to injure Budget Blinds, engaged in improper commercial activity using marks confusingly similar to the Budget Blinds Marks, so as to confuse consumers and abscond with the goodwill embodied in those marks and to otherwise compete unfairly.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement, False Designation of Origin Unfair Competition Section 32(1) of the Lanham Act, 15 U.S.C. §1114, Against All Defendants)**

32. Budget Blinds incorporates by reference the preceding allegations of this Complaint.

33. Budget Blinds owns the valid, enforceable, and federally registered Budget Blinds Marks.

34. The incontestable status of Trademark Registration No. 1,813,191 of the Budget Blinds Marks constitutes conclusive evidence of the validity and distinctiveness of the marks; Budget Blinds' ownership of the marks; and Budget Blinds' exclusive right to use the marks in commerce.

35. Defendants have used and continue to use the marks Budget Blinds, Budget Blinds and Floors, Budget Blinds & Floors, and other confusingly similar marks in connection with the advertising, promotion, and sale of window coverings.

36. Defendants Bolanos-Portillo and Foster are directing, authorizing, personally participating in, and causing Defendant BBFS to advertise, promote, and sell window coverings under the Budget Blinds, Budget Blinds and Floors, Budget Blinds & Floors, and other confusingly similar marks.

37. Defendants' actions are likely to cause confusion or mistake, or to deceive as to their affiliation, connection, or association with Budget Blinds, or as to the origin, sponsorship, or approval of Defendants' goods and services.

38. Defendants' use constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

39. Defendants' use has damaged and will continue to cause damage to Budget Blinds.

40. Defendants have caused and are continuing to cause irreparable harm to Budget Blinds for which Budget Blinds has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(Federal Trademark Counterfeiting Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), Against All Defendants)**

41. Budget Blinds incorporates by reference the preceding allegations of this Complaint.

42. Budget Blinds owns the valid, enforceable, and federally registered Budget Blinds mark, U.S. Registration No. 1,813,191, for "distributorship and retail store services in the field of window coverings."

43. Defendants are using spurious Budget Blinds marks, which are identical with, or substantially indistinguishable from, Budget Blinds' federally registered Budget Blinds mark shown in U.S. Registration No. 1,813,191.

44. Defendants are using their spurious Budget Blinds marks on or in connection with distributorship and retail services in the field of window coverings, the same goods for which Budget Blinds has registered its Budget Blinds Marks.

45. Defendants Bolanos-Portillo and Foster are directing, authorizing, personally participating in, and causing Defendant BBFS to use spurious Budget Blinds marks on or in connection with distributorship and retail services in the field of window coverings.

46. Defendants' actions are likely to cause confusion or mistake, or to deceive as to their affiliation, connection, or association with Budget Blinds, or as to the origin, sponsorship, or approval of Defendants' goods and services.

47. Defendants' use constitutes trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

48. Defendants' use has damaged and will continue to cause damage to Budget Blinds.

49. Defendants have caused and are continuing to cause irreparable harm to Budget Blinds for which Budget Blinds has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

**(Federal Trademark Infringement, False Designation, and Unfair Competition Under 15 U.S.C. §1125(a), Against All Defendants)**

50. Budget Blinds incorporates by reference the preceding allegations of this Complaint.

51. Budget Blinds owns the valid, enforceable, and federally registered Budget Blinds Marks.

52. The incontestable status of Trademark Registration No. 1,813,191 of the Budget Blinds Marks constitutes conclusive evidence of the validity and distinctiveness of the marks; Budget Blinds' ownership of the marks; and Budget Blinds' exclusive right to use the marks in commerce.

53. Defendants have used and continue to use the marks Budget Blinds, Budget Blinds and Floors, Budget Blinds & Floors, and other confusingly similar marks in connection with the advertising, promotion, and sale of window coverings.

54. Defendants Bolanos-Portillo and Foster are directing, authorizing, personally participating in, and causing Defendant BBFS to advertise, promote, and sell window coverings under the Budget Blinds, Budget Blinds and Floors, Budget Blinds & Floors, and other confusingly similar marks.

55. Defendants' actions are likely to cause confusion or mistake, or to deceive as to their affiliation, connection, or association with Budget Blinds, or as to the origin, sponsorship, or approval of Defendants' goods and services.

56. Defendants' use constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

57. Defendants' use has damaged and will continue to cause damage to Budget Blinds.

58. Defendants have caused and are continuing to cause irreparable harm to Budget Blinds for which Budget Blinds has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), Against All Defendants)**

59. Budget Blinds incorporates by reference the preceding allegations of this Complaint.

60. Defendants have registered, trafficked in, or used the domain name <budgetbfs.com>.

61. The domain name <budgetbfs.com> is identical or confusingly similar to Budget Blinds' distinctive Budget Blind Marks.

62. The Budget Blind Marks were distinctive before Defendants registered, trafficked in, or used the domain name <budgetbfs.com>.

63. Defendants have registered, trafficked in, or used the domain name <budgetbfs.com> with the bad faith intent to profit from the plaintiff's mark.

64. Defendants' conduct constitutes a violation of federal Anti-cybersquatting Protection Act (ACPA), 15 U.S.C. § 1125(d).

65. Defendants' use has damaged and will continue to cause damage to Budget Blinds.

66. Defendants have caused and are continuing to cause irreparable harm to Budget Blinds for which Budget Blinds has no adequate remedy at law.

///

///

**FIFTH CLAIM FOR RELIEF**

**(Trademark Infringement, False Designation of Origin, and Unfair Competition Under Nevada Common Law Rights, Against All Defendants)**

67. Budget Blinds incorporates by reference the preceding allegations of this Complaint.

68. Budget Blinds' products, services, and advertising have been distributed throughout the United States and Canada, and specifically in the areas in Nevada where Defendants' window coverings business is meant to reach. As a result of the services offered and advertised by Budget Blinds under the Budget Blinds name and Budget Blinds Marks, the name and marks have developed and now have a secondary and distinctive trademark and trade name meaning to consumers throughout the United States. The Budget Blinds name and Budget Blinds Marks have come to indicate to such purchasers a meaning of quality services originating only with Budget Blinds or its franchisees.

69. Defendants' use of the Budget Blinds name and Budget Blinds Marks is likely to cause confusion among consumers, cause consumers to identify Defendants' goods and services as those of Budget Blinds or its franchisees, or cause consumers to conclude that Budget Blinds had some connection with the production of Defendants' goods and services.

70. Defendants Bolanos-Portillo and Foster are directing, authorizing, personally participating in, and causing Defendant BBFS to advertise, promote, and sell window coverings under the Budget Blinds, Budget Blinds and Floors, Budget Blinds & Floors, and other confusingly similar marks.

71. Defendants infringed the Budget Blinds name and Budget Blinds Marks with the intent to deceive the public into believing that Defendants' products, services and activities were made by, provided by, sponsored by, or affiliated with Budget Blinds. Defendants' acts were committed with the intent to pass off and palm off their goods and services as those of Budget Blinds, and with the intent to deceive and defraud the public.

72. Defendants' conduct constitutes trademark infringement, false designation of origin, and unfair competition in violation of Nevada law.

73. By reason of Defendants' acts alleged herein, Budget Blinds suffered and continues to suffer damage to its business, reputation and goodwill, in an amount to be proven at the time of trial.

74. Defendants have engaged and continue to engage in the acts complained of herein, and unless restrained and enjoined, Defendants may continue to do so, all to Budget Blinds' irreparable harm. It would be difficult to ascertain the amount of compensation which would afford Budget Blinds adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required. Budget Blinds' remedy at law is not adequate to compensate it for the injuries threatened, and therefore Budget Blinds seeks preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Budget Blinds respectfully asks the Court to:

A. Enter judgment for Budget Blinds on each and every claim alleged in this Complaint;

B. That Defendants' actions be deemed willful;

C. Enter a preliminary and permanent injunction enjoining Defendants and each of their agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with them from using or causing others to use the Budget Blinds name and Budget Blinds Marks, and all similar names or marks alone or in combination with any other word(s), term(s), designation(s), mark(s), or design(s), *see* 15 U.S.C. § 1116;

D. Order Defendants to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession with the Budget Blinds name or Budget Blinds Marks, and all similar names or marks alone or in combination with any other word(s), term(s), designation(s), mark(s), or design(s), *see* 15 U.S.C. § 1118;

E. Require Defendants to file with the Court and serve on Budget Blinds within thirty (30) days after entry of an injunction and destruction order a report in writing under oath describing how they have complied with such order;

///

F. Require Defendants to transfer the domain name <budgetbfs.com> to Budget Blinds and any other domain names and social media accounts owned by Defendants that contain the word "budget" or "blinds," alone or in combination with any other words;

G. Require Defendants to account to Budget Blinds for any and all profit derived by them by virtue of the acts complained of herein;

H. Award Budget Blinds all damages allowable under 15 U.S.C. § 1117(a) and any other applicable statute or common law, and hold Defendants jointly and severally liable for all damages to the extent possible;

I. Award Budget Blinds all treble damages allowable under 15 U.S.C. § 1117(b) and any other applicable statute or common law, and hold Defendants jointly and severally liable for all damages to the extent possible;

J. Award Budget Blinds statutory damages under 15 U.S.C. § 1117(c) in the amount of up to $2,000,000 for the willful counterfeiting of Budget Blinds' federally registered Mark, and hold Defendants jointly and severally liable for all damages to the extent possible;

K. Award Budget Blinds statutory damages under 15 U.S.C. § 1117(d) in the amount of up to $100,000 for violation of the ACPA based on its registration, trafficking in, and use of the domain name <budgetbfs.com>, and hold Defendants jointly and severally liable for all damages to the extent possible;

L. Award reasonable attorney's fees and costs to Budget Blinds due to the exceptional nature of this case under 15 U.S.C. § 1117(a); and

M. Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Budget Blinds hereby demands a trial by jury on all claims so triable.

Dated:  August 21, 2023                          SNELL & WILMER L.L.P.

By: */s/ Charles E. Gianelloni*
Charles E. Gianelloni, Esq.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: 702.784.5200
*Attorneys for Plaintiff Budget Blinds, LLC*

**INDEX OF EXHIBITS  
TO  
COMPLAINT**

| No. | Description |
|---|---|
| 1 | Yelp social media page |
| 2 | Facebook social media page |
| 3 | Instagram social media page |
| 4 | Pinterest social media page |
| 5 | Twitter social media page |